Barbara **LITTLEJOHN; Torianne Littlejohn, Plaintiffs–Appellees,**

v.

Bridgett **MCCAFFERTY, et al., Defendants–Appellees.**

No. 02–4311.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2003.

Barbara Littlejohn, Torianne Littlejohn, pro se, Cleveland, OH, for Plaintiff–Appellant.

Before MARTIN and MOORE, Circuit Judges; and MCKEAGUE, District Judge.*

## ORDER

Barbara and Torianne Littlejohn appeal a district court judgment that dismissed their civil rights complaint filed under 42 U.S.C. §§ 1981, 1983, 1985 & 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The complaint herein named as defendants Cuyahoga County Court of Common Pleas Judge Bridgett McCafferty, Federal Bureau of Investigation (FBI) Employee "Riley (Doe)," "Caiola (Doe) WPD (JTTF)," "Wally (Doe) WPD (JTTF)," "Garewal (Doe) OSP," United States Secret Service Employee "Halush (Doe)," United States Postal Inspector Gregory A. Duerr, Cuyahoga County Sheriff's Department Employee "Ron (Doe)," "Miller (Doe) # 260," Cuyahoga County Sheriff's Detective "P. Sota # 326," Cuyahoga County Sheriff's Detective Donald Cleland, Cuya-

hoga County Assistant Prosecuting Attorney Daniel Kosarus, Cuyahoga County Prosecutor William D. Mason, the Cuyahoga County Sheriff's Department, and Cuyahoga County Sheriff Gerald McFaul. The Littlejohns appear to claim that: 1) their Fourth Amendment rights were violated because their residence was searched based on a warrant that lacked probable cause; 2) Barbara Littlejohn was "sexually fondled," and that emotional distress otherwise was intentionally inflicted during the search; (3) the defendants violated § 1981 by denying them equal benefits of the law; and (4) the defendants violated §§ 1985 and 1986 by conspiring to violate their equal protection rights. The district court concluded that the complaint failed to state a claim upon which relief can be granted and dismissed the action pursuant to 28 U.S.C. § 1915(e). A timely notice of appeal was filed, this court denied appellants leave to proceed in forma pauperis on appeal, and the appellate filing fee was paid.

■ Upon de novo review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997), we affirm the judgment for the reasons stated by the district court in its memorandum of opinion and order dated September 30, 2002. The court correctly concluded that the defendant judge and prosecutors are entitled to immunity, *see Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir.2001); *Cooper v. Parrish,* 203 F.3d 937, 947 (6th Cir.2000), and that the remaining defendants were not liable because they were not involved in, nor did they encourage, the challenged conduct. *See Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir.1995). Moreover, the theory of respondeat superior cannot provide the

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

basis for liability in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir.1996). A local government body cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The complaint did not identify such a policy, connect the policy to the governmental entity, or show that the particular injury was incurred because of the execution of that policy. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir.1993). Further, the district court properly concluded that the complaint did not state a § 1981 claim because there was no allegation that plaintiffs are members of, or are associated with, a racial minority. *See Chauhan v. M. Alfieri Co.*, 897 F.2d 123, 127 (3d Cir.1990). The complaint failed to state a cause of action under §§ 1985 & 1986, because there is no factual allegation that the defendants engaged in a conspiracy for the purpose of depriving plaintiffs of the equal protection of the laws, *see Collyer v. Darling*, 98 F.3d 211, 223 (6th Cir.1996), and because § 1986 merely provides for a cause of action for neglecting to prevent any of the wrongs mentioned in § 1985. *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir.1992). Finally, the district court properly declined to exercise its supplemental jurisdiction over state law claims against the defendants once it dismissed the federal claims. *See Weeks v. Portage County Executive Offices*, 235 F.3d 275, 279–80 (6th Cir.2000); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802–03 (6th Cir.1996). Hence, the district court properly dismissed the complaint.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.